IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HABURSKY, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | Case No.: 1:23-cv-307 |
| | : | |
| v. | : | |
| | : | *Filed Electronically* |
| ERIE WATER WORKS, | : | |
| | : | |
| Defendant. | : | |

### ANSWER TO PLAINTIFF MICHAEL HABURSKY'S COMPLAINT

Defendant, Erie Water Works ("Defendant"), hereby answers the Complaint of Plaintiff Michael Habursky ("Habursky" or "Plaintiff"). Unless specifically admitted herein, Defendant denies each and every allegation made by Plaintiff.

1. Admitted in part; denied in part. It is admitted that Plaintiff is a 53-year-old male. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff remains a resident of Harborcreek, Erie County, PA and, therefore, denies the same.

2. Admitted in part; denied in part. It is admitted that Defendant is an independent municipal authority, and that that the entity's legal business name is Erie City Water Authority d/b/a Erie Water Works. However, Defendant's business address is 340 West Bayfront Parkway, Erie, PA 16507. To the extent the allegations of Paragraph 2 assert to the contrary, those allegations are denied.

3. Admitted.

4. Admitted in part; denied in part. It is admitted that on April 16, 2014, Plaintiff was injured while working as a Maintenance Technician. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to remaining allegations, and therefore, denies same.

5.Denied as stated. By way of further response, Defendant acknowledged Plaintiff's work-related injury and Plaintiff's claim for workers' compensation. Defendant's workers' compensation carrier, Inservco Insurance Services, Inc. ("Inservco") paid for Plaintiff's medical treatment and time he was unable to work. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's on-going medical treatments and/or the permanent nature of Plaintiff's injuries and, therefore, denies the same.

6.Admitted in part; denied in part. It is admitted that Plaintiff has applied for several positions since he came to be employed by Defendant. It is denied that Plaintiff was denied promotions. By way of further response, Plaintiff has bid on and received two promotional opportunities since April 16, 2014 (the date of his injury), (a) Maintenance Technician which he was offered on April 29, 2014, just two weeks after his injury, and (b) Meter Technician, the position he currently occupies. To the extent the allegations of Paragraph 6 assert to the contrary, those allegations are denied.

7.Denied.

8.Denied as stated. By way of further response, Defendant is uncertain what Distribution Supervisor position Plaintiff means to reference in Paragraph 8 of his Complaint, and therefore denies those allegations. Moreover, candidates cannot "bid" on supervisory positions, they must submit an application for such positions which are also open to the public. It is admitted that in October, 2022, Plaintiff applied for a Distribution Supervisor position and was denied that position because he was not qualified. To the extent the allegations of Paragraph 8 assert to the contrary, those allegations are denied.

9.Denied. By way of further response, a Maintenance Technician Grade VI position has not been available for bid since 2006. However, Plaintiff lacks the qualifications necessary for

this position because he lacks the desired electrical experience and has failed and refused to take certain courses that would qualify him for the position. Additionally, in September, 2022, Plaintiff applied for (not bid on) a Maintenance Supervisor position and was denied the position because he was less qualified than other candidates.

10. Admitted in part; denied in part. It is admitted only that Michael Perry ended his employment with Defendant and was subsequently re-hired by Defendant. By way of further response, Defendant incorporates its responses to Paragraph 8 and 9 by reference as if set forth in full herein.

11. Denied. By way of further response, Defendant incorporates its responses to Paragraph 8 and 9 by reference as if set forth in full herein.

12. Denied. By way of further response, Plaintiff failed and refused to take training courses that are required and expected of him to qualify for and be considered for promotional opportunities. Additionally, Plaintiff was subject to at least two verbal warnings (form of discipline) in his employment with Defendant.

13. Denied as stated. By way of further response, Defendant specifically denies that Plaintiff was ever pressured to settle or "sign off" his worker's compensation claim.

14. Denied. By way of further response, Defendant is uncertain what Plaintiff means by his reference to "comments concerning his previous injury" and denies that there were any discriminatory comments made about Plaintiff's injury or any disability arising therefrom. The remaining allegations of Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Moreover, Defendant specifically denies that it unlawfully discriminated against Plaintiff.

15. Denied. By way of further response, Defendant made its hiring and/or promotion decisions based on legitimate business reasons, including but not limited to position qualification. The remaining allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Moreover, Defendant specifically denies that it unlawfully discriminated against Plaintiff.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. § 12101 ET SEQ., AS AMENDED

16. Paragraph 16 is a statement of incorporation and does not require a response. Defendant incorporates its responses to Paragraph 1-15 by reference as if set forth herein.

17. The allegations of Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Moreover, Defendant specifically denies that it discriminated against Plaintiff for any unlawful reason.

Defendant denies that the Plaintiff is entitled to the relief requested in the WHEREFORE clause immediately following Paragraph 17 in the Complaint. Additionally, to the extent the contents of Plaintiff's WHEREFORE clause are deemed to contain factual allegations, those allegations are denied.

## TRIAL BY JURY OF TWELVE DEMANDED

[sic] Plaintiff's demand for trial by jury is a legal conclusion to which no response is required. To the extent a response is required, it remains within the purview of the Court to address the same.

## COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S.953 ET SEQ.

18. Paragraph 18 is a statement of incorporation and does not require a response. Defendant incorporates its responses to Paragraph 1-17 by reference as if set forth herein.

19. The allegations of Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Moreover, Defendant specifically denies that it discriminated against Plaintiff for any unlawful reason.

Defendant denies that the Plaintiff is entitled to the relief requested in the WHEREFORE clause immediately following Paragraph 19 in the Complaint. Additionally, to the extent the contents of Plaintiff's WHEREFORE clause are deemed to contain factual allegations, those allegations are denied.

## AFFIRMATIVE & ADDITIONAL DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained discovery from Plaintiff and others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to other defenses, Defendant sets forth the following affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), as well as additional defenses:

1. The Complaint fails in whole or in part to state a claim upon which relief may be granted and there is no basis for Plaintiff to recover from Defendant.

2. Specifically, the Complaint fails because Defendant made its hiring and promotion decisions based on legitimate business reasons, including but not limited to candidate position qualifications.

3.  To the extent revealed in discovery, Plaintiffs' claims may be barred, in whole or in part, by the expiration of the applicable statute of limitations.

4.  Plaintiff cannot maintain a claim against Defendant pursuant to the ADA, the PHRA or otherwise, because Defendant has not discriminated against Plaintiff on any basis prohibited by the ADA, the PHRA or any other unlawful reason.

5.  Plaintiff cannot maintain a claim for failure to promote against Defendant pursuant to the ADA, the PHRA or otherwise, because Plaintiff did not qualify for the positions which he complains he did not receive.

6.  Plaintiff cannot maintain a claim against Defendant for failure to promote pursuant to the ADA, the PHRA or otherwise, because Plaintiff has been awarded two promotional opportunities for which he did qualify.

7.  Plaintiff cannot maintain a claim against Defendant for failure to promote pursuant to the ADA, the PHRA or otherwise, because Defendant did not treat any similarly situated non-injured or non-disabled employee more favorably than Plaintiff.

8.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

9.  Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel, unclean hands, release, or other equitable defenses.

10. Plaintiff has not incurred any actual injury or damages and is not entitled to compensatory damages.

11. To the extent Plaintiff has suffered any damages, he has failed or refused to mitigate those damages.

12. Plaintiff has failed to exhaust his remedies and/or mitigate his damages under the applicable Collective Bargaining Agreement.

13. At all times relevant, Defendant acted reasonably and in good faith such that Plaintiff is not entitled to punitive damages.

14. Plaintiff's claims were brought in bad faith, are frivolous, unreasonable, and without foundation; therefore, Defendant is entitled to recovery of its attorney's fees and costs.

15. Defendant reserves the right to amend its pleadings, to add defenses and affirmative defenses, to add counterclaims and third-party defendants, and to argue legal theories in addition to or in lieu of those specifically identified herein, as the facts in this matter may warrant, including, without limitation, additional or further facts hereafter disclosed through discovery.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff. Defendant further requests that Plaintiff takes nothing by way of the Complaint, costs of this action, and all other relief deemed necessary and proper by the Court.

Date: November 13, 2023

Respectfully submitted,

*/s/ Jill M. Lashay*
Jill M. Lashay (ID #PA 79985)
jill.lashay@bipc.com

Amanda M. Scarpo (ID #PA 318596)
amanda.scarpo@bipc.com

Buchanan Ingersoll & Rooney PC
409 North Second Street
Harrisburg, PA 17101-1357
Phone: (717) 237-4800
Facsimile: (717) 233-0852

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2023, a true and correct copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was served via electronic mail, on the following:

Timothy McNair
tmcnair@mcnairlaw.com

*Counsel of record for Plaintiff*

*s/Jill M. Lashay*
Jill M. Lashay (ID #PA 79985)
jill.lashay@bipc.com

Buchanan Ingersoll & Rooney PC
409 North Second Street
Harrisburg, PA 17101-1357
Phone: (717) 237-4800
Facsimile: (717) 233-0852

*Counsel for Defendant*