IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HABURSKY, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | Case No.: 1:23-cv-307 |
| | : | |
| v. | : | District Judge Susan Paradise Baxter |
| | : | |
| ERIE WATER WORKS, | : | |
| | : | |
| Defendant. | : | |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1.   **Identification of counsel and unrepresented parties:**

Timothy McNair (PA 34304)
tmcnair@mcnairlaw.com
821 State Street
Erie, PA 16501
Telephone: (814) 452-0700
Fax: (814) 454-2371

*Counsel for Plaintiff*

Jill M. Lashay (PA 79985)
jill.lashay@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
409 North Second Street
Harrisburg, PA 17101-1357
Telephone: (717) 237-4800
Fax: (717) 233-0852

Amanda M. Scarpo (PA 318596)
amanda.scarpo@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant St., Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax: 412-562-1041
*Counsel for Defendant*

2. **Set forth the general nature of the case:**

   Plaintiff raises two causes of action asserting that he was refused and denied certain employment promotions or opportunities on the basis of his alleged disability. Defendant denies those allegations and conversely asserts that Plaintiff did receive certain employment promotions but was denied other employment promotions or positions because of his qualifications.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held on December 6, 2023, at 10:00 AM by telephone between Timothy McNair, on behalf of Plaintiff, and Amanda M. Scarpo, on behalf of Defendants. All parties have been served and have entered an appearance in this matter.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   The Rule 16 Initial Scheduling Conference is set for January 3, 2024 at 3:30 PM.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   None.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have discussed ADR and are willing to engage in mediation. The parties have timely filed a completed "Stipulation Selecting ADR Process" form in conjunction with this Rule 26(f) Report.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The Parties agreed to exchange initial disclosures on or before December 20, 2023.

8. **Subjects on which fact discovery may be needed:**

   The Parties anticipate fact discovery on issues related to the allegations in the Complaint and, any potential damages, including Plaintiff's mitigation efforts.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   December 20, 2023

   b. **Date by which any additional parties shall be joined:**

   January 17, 2024

   c. **Date by which the pleadings shall be amended:**

   January 14, 2024

   d. **Date by which fact discovery should be completed:**

   May 3, 2024 (120 Days from the Rule 16 Conference)

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**
   At this time, the parties do not anticipate needing limitations or phases of discovery structured by the Court.

   f. **Date by which plaintiff's expert reports should be filed:**

   The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

   g. **Date by which depositions of plaintiff's expert(s) should be completed:**

   The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

   h. **Date by which defendant's expert reports should be filed:**

   The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

  **i.**  **Date by which depositions of defendant's expert(s) should be completed:**

    The parties propose a status conference at the close of fact discovery to determine, if necessary, dates for expert discovery and expert reports.

  **j.**  **Date by which third party expert's reports should be filed:**

    Not applicable.

  **k.**  **Date by which depositions of third party's expert(s) should be completed:**

    Not applicable.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

 No changes or limitations on discovery are requested at this time by either party.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

  **a.**  **ESI.** Is either party seeking the discovery of ESI in this case?
    __X__ Yes  ____ No

  **b.**  **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    __X__ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by May 3, 2024 (the completion of fact discovery)

    ____ Have developed an ESI discovery plan (as attached).

    ____ Will have an ESI discovery plan completed by _____.

  **c.**  **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
    __X__ Yes  ____ No

    The parties will preserve ESI and/or otherwise avoid spoliation of evidence, consistent with normal litigation practices.

      **d.**      **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
                      ____ Yes      _X_ No

      **e.**      **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

             _X_ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

             ____ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

             ____ Are unable to agree on appropriate non-waiver language.

      **f.**      **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
             ____ Yes      _X_ No

      **g.**      **Other.** Identify all outstanding disputes concerning any ESI issues:

             The parties do not have any outstanding issues or disputes concerning ESI.

12.    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

Yes. The parties elect to have a Post-Discovery Status Conference following the completion of fact discovery.

      **a.**      **Settlement and/or transfer to an ADR procedure;**

      **b.**      **Dates for the filing of expert reports and the completion of expert discovery**

>   as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;
>
> c. **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**
>
> d. **Dates by which parties' pre-trial statements should be filed;**
>
> e. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**
>
> f. **Dates on which motions *in limine* and *Daubert* motions shall be heard;**
>
> g. **Dates proposed for final pre-trial conference; and**
>
> h. **Presumptive and final trial dates.**

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    Given that this matter may involve the exchange of medical documents, the parties have agreed to negotiate and submit to the court a stipulation of confidentiality and qualified protective order, and ask that the Court enter same upon its filing.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    At this time, the parties do not anticipate the need for the Court to appoint a special master in this matter.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    None.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties have previously engaged in mediation, which was unsuccessful, but have agreed to try again in good faith. Plaintiff has agreed to submit a formal demand to Defendant one week in advance of the agreed upon mediation date.

Respectfully submitted,

/s/ Timothy McNair
Timothy McNair (PA 34304)
tmcnair@mcnairlaw.com
821 State Street
Erie, PA 16501
Telephone: (814) 452-0700
Fax: (814) 454-2371

*Counsel for Plaintiff*

/s/ Jill M. Lashay
Jill M. Lashay (PA 79985)
jill.lashay@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
409 North Second Street
Harrisburg, PA 17101-1357
Telephone: (717) 237-4800
Fax: (717) 233-0852

Amanda M. Scarpo (PA 318596)
amanda.scarpo@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant St., Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax: 412-562-1041

*Counsel for Defendant*

Date: December 13, 2023